THE PEOPLE OF THE STATE OF NEW YORK ex rel. JENNIE ISAACS and Another, Appellants, v. THE WARDEN OF THE DISTRICT PRISONS, Respondent.

*When a Court of Special Sessions is legally constituted—form of commitment.*

A designation of justices to hold a given term of a Court of Special Sessions, made by all the justices met in convention, is not essential to the creation of a legal court, and if, at a duly appointed term of the court, three of the justices present themselves and proceed in its business, the court is legally constituted, although an assignment of justices has not been made, or, if made, for some reason the justices assigned are unable or neglect to appear.

A commitment which consists of a transcript of the entry of conviction from the minutes of the Court of Special Sessions, and of the sentence therefor duly certified by the deputy clerk of said court, is sufficient.

APPEAL by the relators, Jennie Isaacs and Abraham Isaacs, from an order of the Supreme Court, made at the New York Special Term on the 19th day of September, 1893, and entered in the office of the clerk of the city and county of New York, dismissing the writ of habeas corpus obtained on their behalf, and remanding them to the custody of the warden of the district prisons.

*Morris Goodhart*, for relators (appellants).

*Delancy Nicoll* and *Randolph B. Martine, Jr.*, for the respondent.

PARKER, J.:

The commitment under which the relators have been committed to the district prisons of New York recites that they were convicted of a misdemeanor and ordered imprisoned therefor for the term of six months. After it was delivered to the proper officer for execution, the relators petitioned for and obtained a writ of habeas corpus, commanding the warden of the prison to have the relators, together with the time and cause of their imprisonment and detention, before a Special Term of this court. At the Special Term, where the writ was dismissed, as here, the relators and appellants assigned several grounds of error of procedure, either of which, they claimed, require a determination that they are illegally detained, and command the issuing of the writ which the Special Term ordered dismissed. They were:

*First.* The Court of Special Sessions which pretended to try and convict the relators, was not legally constituted and its acts were, therefore, of none effect.

*Second.* The commitment is defective because not attested in the name of any justice or signed by the clerk of the Court of Special Sessions.

The first ground is founded upon an alleged failure of the justices to meet in convention and assign justices to hold the court in question, as provided by chapter 410, Laws of 1882, section 1572.

That section reads: " The Court of Special Sessions may be held as often and at such times as the justices thereof may think expedient. It may be held by any three of the police justices, who shall sit alternately, except that one of their number shall be selected to preside, and the said justices shall meet in convention and assign the justices to hold the several terms of said court."

What the justices did do was to pass the following resolution: " Three justices shall be assigned to hold the Court of Special Sessions for terms of six months, beginning January 1 and July 1, respectively, and during the period of such assignment they shall not be required to hold Police Courts. In case of the absence or disability of any justice so assigned, any other justice may act as a member of said court. Two justices shall be assigned to each Police Court for terms beginning January 1st and July 1st, respectively. The justices holding the Police Courts in the first, second and third districts for the month of August shall also hold the Court of Special Sessions."

And subsequently to meet in convention, and assign justices to the several courts, for terms beginning January 1 and July 1, 1893, respectively, but as the latter part of the resolution quoted provided that the justices holding police courts in the first, second and third districts for the month of August should also hold the Court of Special Sessions, an assignment of justices by name was not made.

The court was, in fact, held by the three police justices assigned to hold the first, second and third districts for the month of August. It would seem as if that which was done amounted to an assignment of the justices for the August term, assuming that an assign-

ment was necessary to constitute a legal court. It was as effectual to accomplish the desired purpose as if the justices were named.

The statute does not require that they should be named, but simply assigned, which is accomplished by the doing of an act which operates to fix, specify or select.

Declaring by resolution that the three justices holding Police Courts for that month shall also hold the Court of Special Sessions during the same time, when they have already been selected for the first-named purpose, specifies, we think, the justices with sufficient definiteness. But we prefer to rest our decision upon the broader ground, that a designation of justices to hold a given term, made by all the justices met in convention, is not essential to the creation of a legal court. That if at a duly appointed term of the court, three of the justices present themselves and proceed in its conduct, the court is legally constituted, although an assignment of justices has not been made, or, if made, for some reason the justices assigned are unable or neglect to appear.

A brief examination of the section will furnish sufficient support to this position.

The first sentence commits to the discretion of the justices thereof the authority to determine when the court shall be held.

They are not required, as are some courts, to designate in advance, and for a fixed period, the number of terms which shall be held in a county or judicial district, and fix the time when said terms are to begin. But they may at any time when they deem it expedient cause such a court to be held. Having clothed the justices with absolute authority to hold the court whenever they should deem it expedient to do so, the statute next declares who may hold it. It does not say that three justices selected by a convention of all the justices, met for that purpose, shall hold the court, but that " it may be held by any three of the police justices." So, if at a Court of Special Sessions, which the justices thereof have deemed expedient to hold, any three of their number sit, the court is legally constituted under the statute. The further provision of the section, that the " justices shall meet in convention and assign the justices to hold the several terms of the said court," does not in any wise qualify the express provision preceding it, that the court may be held by any three of the police justices.

PEOPLE ex rel. ISAACS v. WARDEN OF PRISONS. 121

Hun.]          First Department, November Term, 1893.

The object which the framers of the section had in view in providing for a convention of the justices to assign the members thereof to hold the several terms of court is apparent.

Upon them collectively devolved the duty of providing for such a number of terms of court, with justices to hold them, as will dispose of all the cases within the jurisdiction of the courts over which they are required to preside.

As all are charged with equal responsibility, and vested with equal authority, no one of them would assume to map out the work of his associates, and if he should, his labor would, quite likely, be wholly ineffectual.

The statute, therefore, provides an orderly way in which the work of such courts may be apportioned among the justices, not for any fixed period, but for such time as they may deem wise. That being done, it is subject to such changes by arrangement among themselves as the justices may be compelled to make on account of sickness, or prompted to bring about for their personal convenience.

Illness may prevent all of the justices assigned to a given term from holding it; but as we read the statute it will not result in a failure of the term if three other justices appear and sit.

The commitment which the officer was proceeding to execute consisted of a transcript of the entry of conviction on the minutes of the Court of Special Sessions, and of the sentence thereof, duly certified by the deputy clerk of said court. The contention that it is defective in that it is not attested in the name of any justice, or signed by the clerk of the Court of Special Sessions, is sought to be founded on chapter 410, Laws of 1882, section 1569, which provides that the Court of Special Sessions has jurisdiction " by warrant attested in the name of any one of the justices authorized to hold the court, signed by the clerk thereof, and entered in the minutes of the court, to enforce its judgments and orders. * * * "

Subsequently and by chapter 269 of the Laws of 1889, section 1575 of the Consolidation Act was so amended as to provide that the clerk or deputy clerk is authorized to make and deliver to the sheriff a transcript of the entry of conviction from the minutes of the Court of Special Sessions, and of the sentence therefor, duly certified by the said clerk or deputy clerk, which shall be sufficient authority to such sheriff or deputy to execute such sentence.

This is precisely what was done, and even if section 1575 was originally intended to. provide for such a case as this, which we do not decide, it is inconsistent with section 1575 as it now stands, which, being a later amendment, must control.

The suggestion that under section 1575 a certification of the sentence if made by the deputy clerk must be in the name of the clerk, by the deputy clerk, is without force, for the statute distinctly authorizes either the clerk or the deputy clerk to certify the sentence.

The further points made by the appellant have been considered, but do not merit discussion.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.